**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA HERRERA and BIANFI HERRERA,<br><br>      Plaintiffs,<br><br>v.<br><br>CENTRAL LOAN ADMINISTRATION & REPORTING,<br><br>      Defendant. | Civil Action No.: 17-4774 (JLL) (JAD)<br><br>**REPORT AND RECOMMENDATION** |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter is before the Court, <u>sua sponte</u>, concerning Plaintiffs' ongoing failure to prosecute this case. The Court resolves this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. After having carefully considered the docket for this matter, and for good cause shown; and

**WHEREAS** the Court conducted a settlement conference in this case on August 22, 2018, and directed Plaintiff to call the Court on August 28, 2018, at 10:00 a.m. with a status report; (Aug. 22, 2018 Minute Entry); and

**WHEREAS** Plaintiff requested and was granted an extension until August 29, 2019, at 10:30 a.m. to call the Court with a status report; (ECF No. 32); and

**WHEREAS** it is unclear whether Plaintiff called to provide a status report on that date; and

**WHEREAS**, on December 27, 2018, seeing that no activity had occurred in this case for fourth months, the Court directed the parties to submit a joint status letter by January 7, 2019; (ECF No. 33); and

**WHEREAS** the parties failed to file a status letter by the January 7, 2019 deadline; and

**WHEREAS** the Court granted the parties an additional four days until January 11, 2019, to file a status letter. (ECF No. 34). The Court expressly cautioned that failure to file a status letter would result in dismissal of this action for lack of prosecution; (Id.); and

**WHEREAS** the parties failed to file a status letter by the January 11, 2019 deadline; and

**WHEREAS** the parties have not, to date, complied with or otherwise responded to this Court's December 27, 2018 or January 8, 2019 text orders directing the parties to file a status letter. The docket reflects that no substantive action has been taken by either party since their attendance at the August 22, 2018 settlement conference. If the parties subsequently settled this case, the Court has not been notified. Thus, this case has remained idle for six months; and

**WHEREAS** Fed R. Civ. P. 41(b) permits a Court to dismiss a Complaint, sua sponte, for failure to prosecute. See, e.g., Parks v. Ingersoll-Rand Co., 380 F. App'x 190, 195-96 (3d Cir. 2010) (noting the Supreme Court held that Fed. R. Civ. P. 41(b) allows for sua sponte dismissals in the context of a failure to prosecute); and

**WHEREAS** a District Court may dismiss a case for failure to prosecute under Rule 41(b) when, on balance, the following factors weigh in favor of dismissal: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions, and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); and

**WHEREAS**, when a plaintiff's conduct makes it impossible for the Court to resolve a case on its merits, the District Court may dismiss that litigant's claims without conducting a Poulis analysis. See Shipman v Delaware, 381 F. App'x 162, 164 (3d Cir. 2010) ("But when a litigant's

conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary.") (citations omitted); and

**WHEREAS** the Court notes that both parties have now ignored multiple, consecutive orders of this Court, and it appears that Plaintiffs may have abandoned their claims in this matter altogether. While the Court ordinarily would consider and balance the six factors enumerated in Poulis, the Court finds that the parties' repeated, joint failure to respond to the Court's directives or otherwise participate in this litigation makes adjudication of this matter impossible. See Shipman, 381 F. App'x at 164. If the threat of imminent dismissal is insufficient to secure the parties' participation, it is obvious that no lesser sanction would be adequate; and

**WHEREAS**, although the Court did not make explicit findings concerning the Poulis factors, the Court concludes that, under these circumstances, dismissal for failure to prosecute is warranted;

**IT IS ON THIS** 28th day of February 2019;

**RECOMMENDED** that the District Court dismiss Plaintiffs' claims, without prejudice, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);[1] and it is

**ORDERED** that Plaintiffs' counsel of record shall promptly serve Plaintiff with a copy of this Order by certified mail and, if applicable, by electronic mail, and shall thereafter electronically file a certification confirming that service. Counsel need not include attorney-client privileged communications as part of that publicly filed certification.

JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Jose L. Linares, Chief Judge

---

[1] Pursuant to Local Civil Rule 72.1, to the extent Plaintiffs object to this Court's proposed findings and/or recommendations, Plaintiff must serve and file specific written objections within fourteen (14) days of being served with this document.

3